**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred ROMERO, Defendant-Appellant.**

**No. 81-1244.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1981.

Decided May 7, 1982.

Frank W. Frey, Tucson, Ariz., on brief, for defendant-appellant.

Negatu Molla, Asst. U. S. Atty., Tucson, Ariz., on brief, for plaintiff-appellee.

Before WALLACE and KENNEDY, Circuit Judges, and HOFFMAN,* District Judge.

KENNEDY, Circuit Judge:

Alfred Romero pleaded guilty to being an accessory after the fact to distribution of heroin, in violation of 18 U.S.C. § 3 (1976), and received a suspended sentence of five years. Appellant was sentenced to spend 179 days in custody and three and one-half years on probation. The district court imposed a special condition on appellant's probation, that he "not associate with any person who has been convicted of any offense involving drugs, nor . . . associate with any person who uses, sells, or in any other manner is unlawfully involved with any drugs." Romero appeals solely to challenge this pro-

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

bation condition. Appellant novelly but gropingly argues that the condition is vague and overbroad, and hence impermissible, because it may permit revocation of his probation for associating with persons involved with narcotics even though he might not be aware of their drug activities. We reject the attempt to invalidate the reasonable probation condition on its face.

■ By imposing upon appellant's probation the condition that he not associate with persons involved with drugs, the district court properly exercised its wide discretion in setting the terms and conditions of probation, *United States v. Consuelo-Gonzales*, 521 F.2d 259, 262 (9th Cir. 1975) (en banc); *Malone v. United States*, 502 F.2d 554, 556 (9th Cir. 1974), *cert. denied*, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). The condition restricting appellant's association with those dealing in drugs is a reasonable measure for appellant's rehabilitation and the protection of the public. *United States v. Consuelo-Gonzales*, 521 F.2d at 264; *see United States v. Furakawa*, 596 F.2d 921, 923 (9th Cir. 1979) (standard condition instructing probationer to associate only with law-abiding persons is reasonably related to rehabilitation and protection of the public); *United States v. Bonnano*, 452 F.Supp. 743, 745 n.3 (N.D.Cal.1978), *aff'd mem.*, 595 F.2d 1229 (9th Cir. 1979) (same condition); *cf. United States v. Lowe*, 654 F.2d 562 (9th Cir. 1981) (condition restricting approach to submarine base reasonably related to goals of rehabilitation and protection of public even though it impinged upon associational rights of protestor); *Malone v. United States*, 502 F.2d at 556–57 (restrictions on associations with Irish organizations reasonably related to goals of probation for illegal firearm exporter).

Appellant apparently concedes the validity of the condition if it is narrowly interpreted but argues that taken literally it would permit revocation for unknowing association with persons involved in drug activities. This contention is premature, and we decline the invitation to speculate on circumstances under which the probation could be revoked.

There are sound reasons for this rule. If and when probation is revoked, we will examine the findings to insure that probationer's due process right to notice of prohibited conduct has been observed and to protect him from unknowing violations. *United States v. Dane*, 570 F.2d 840, 843 (9th Cir. 1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3074, 57 L.Ed.2d 1124 (1978) (requirement of fair warning of those acts which may lead to a loss of liberty); *see United States v. Foster*, 500 F.2d 1241 (9th Cir. 1974) (probationer's failure to maintain contact with probation department could not be predicate for revoking probation because probationer had not been informed that he was obliged either to report to probation department or to advise them of change of address); *United States v. Chapel*, 428 F.2d 472 (9th Cir. 1970) (non-criminal acts of protest against Selective Service while on probation for draft offenses could not be used to revoke probation for failing "to obey all laws," where conditions themselves provided inadequate notice).

The probation order of the court is the principal determinant of the conditions of probation, but it is not the sole source for defining the conditions. In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanations, or instructions of the district court and the probation officer. *See United States v. Bonnano*, 452 F.Supp. at 755 & n.13.

■ Appellant's challenge now is premature, as any generality in the language of the probation condition may be cured by appropriate notice, or may not invalidate revocation on narrower grounds, *cf. United States v. Gordon*, 540 F.2d 452 (9th Cir. 1976) (overly broad probation condition permitting searches by all law enforcement personnel, similar to that invalidated in *Consuelo-Gonzales*, could support properly narrow search conducted by probation officer, which was proper under guidelines in *Consuelo-Gonzales*). Appellant need not appeal the imposition of the probation condition to preserve any objections to future probation revocation. *United States v.*

*Pierce*, 561 F.2d 735, 739 (9th Cir. 1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *United States v. Consuelo-Gonzales*, 521 F.2d at 265 & n.15; *cf. Higdon v. United States*, 627 F.2d 893, 900 (9th Cir. 1980) (in collateral attack on probation revocation, probationer not bound by failure to seek modification of probation conditions).

The special condition on appellant's probation is valid on its face and cannot be attacked at this stage by appellant's claims that it is vague or overbroad. We therefore AFFIRM.