UNITED STATES of America,
Plaintiff-Appellee,

v.

Alice M. GRANT, Defendant-Appellant.

No. 85–5215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 1986.

Decided Jan. 6, 1987.

As Amended March 4, 1987.

Leon Weidman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Alice M. Grant, Santa Barbara, Cal., for defendant-appellant.

Before BOOCHEVER, NORRIS, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The defendant, Alice M. Grant, appeals the revocation of her probation. The district court revoked the defendant's probation when she failed to pay a $20,000 fine. We reverse.

I

In September 1980, the defendant was convicted on three counts of failure to file income tax returns for the years 1972, 1973, and 1974 in violation of 26 U.S.C. § 7203. On October 6, 1980 the district court sentenced her to two years in prison and a $20,000 fine on counts one and two. The defendant received a suspended sentence on count four and was placed on five years probation to run concurrently with the sentence on counts one and two. Execution of the sentence was stayed until October 20, 1985.

The defendant appealed her conviction to this court on October 15, 1980. We affirmed the conviction, *United States v. Grant*, 661 F.2d 942 (9th Cir.1981), and the defendant was ordered to surrender herself on January 15, 1982. She was released from custody on January 12, 1983.

On August 15, 1985, the district court ordered the defendant to show cause why her probation should not be revoked for failure to make any payments on her $20,-000 fine. After a series of hearings, the district court revoked the defendant's probation on October 9, 1985, and sentenced her to a term of one year on count four. The district court suspended the defendant's sentence and placed her on probation for five years, on the condition that she be incarcerated until she paid the $20,000 fine.

The defendant then filed this appeal, and we ordered her released on her own recognizance pending appeal.

## II

■ The defendant argues that the district court improperly revoked her probation because the payment of the $20,000 fine was not a condition of probation.[1] We review a district court's decision to revoke probation for an abuse of discretion. *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932); *United States v. Dane*, 570 F.2d 840, 843 (9th Cir.1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978).

The district court placed the following conditions on the defendant's probation: (1) that she obey all local, state, and federal laws; (2) that she comply with the rules and regulations of the probation department; (3) that she pay all income taxes owing for the years 1972–74; and (4) that during the probation period she timely file income tax returns and pay the appropriate tax. The government concedes that payment of the $20,000 fine was not a term or condition of the probation and that the defendant has complied with all of the stated conditions of her probation. Nevertheless, the government argues that revocation of the defendant's probation was permissible because the district court found that the defendant had not been rehabilitated nor was there any likelihood that she would be rehabilitated. The district court's finding stemmed from its conclusion that the defendant wilfully failed to pay her fine and refused to declare her husband's income on her tax return.

■ The decision to revoke probation is a two-step process:

> The first step in a revocation decision ... involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?

*Gagnon v. Scarpelli*, 411 U.S. 778, 784, 93 S.Ct. 1756, 1760–61, 36 L.Ed.2d 656 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599–600, 33 L.Ed.2d 484 (1972)). In the absence of a finding that the defendant violated a condition of her probation, the district court's revocation was improper. "It is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty." *Dane*, 570 F.2d at 843 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)).

In *Dane*, we discussed the notice required to uphold a district court's decision to revoke probation:

> As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal condition is not essential for purposes of notice. Courts have sustained the revocation of probation for criminal activity committed prior to the effective date of the conditions, or where the defendant was not aware of the conditions. In such a case, knowledge of the criminal law is imputed to the probationer, as is an understanding that the violation of the law will lead to the revocation of probation. *On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning.* Of course, where the warning is not contained in a formal condition, the record must be closely scrutinized to determine whether

---

1. The defendant also challenges the indictment on which the fine was based. This challenge is without merit as the defendant previously raised this same allegation in her first appeal and it was rejected by this court at that time.

Although this court has the discretion to review an earlier decision, such discretion should be used sparingly so as not to undermine the policy of finality. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 834 (9th Cir.1982).

the defendant did, in fact, receive the requisite warning.

570 F.2d at 843–44 (footnote omitted) (citations omitted) (emphasis added). The parties agree that payment of the fine was not a formal condition of the defendant's probation and that the defendant has engaged in no criminal activity during her probation.[2] Therefore, we must determine whether the defendant received fair prior warning that nonpayment of the $20,000 fine would lead to a revocation of her probation.

After a careful review of the record, we find that the district court did not provide fair prior warning to the defendant that nonpayment of the fine could result in a loss of liberty. In the absence of such warning, we find that the defendant's nonpayment of the fine cannot be construed as a "failure to rehabilitate."[3] In *Dane* we reasoned that the defendant had failed to rehabilitate himself because the district court had previously *notified* the defendant that if he resumed his former life as a mercenary soldier, he would forfeit his probation. 570 F.2d at 844. Here, the district court did not associate payment of the fine with rehabilitation.[4] The defendant cannot be deprived of her liberty interest in probation without prior fair warning that a particular act or failure to act might result in

the forfeiture of her liberty. We therefore conclude that it was an abuse of discretion for the district court to revoke the defendant's probation.

REVERSED.

2. The question was raised whether 18 U.S.C. § 3621, which makes willful nonpayment of a fine or penalty imposed by sentence a criminal offense, applies to this case and therefore makes defendant's alleged probation violation a crime. Section 3621 was enacted as part of the Criminal Fine Enforcement Act of 1984 and applies to any offense committed after December 31, 1984. The question is whether the term "offense" means the underlying criminal offense which resulted in the fine, or the willful nonpayment of the fine itself. When the language of a criminal statute is ambiguous and the legislative history does not clear up the uncertainty, the courts have applied the rule of lenity as an interpretive guideline. Under the rule, any ambiguity concerning the scope of a criminal statute is resolved in favor of the defendant. *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *United States v. Patterson,* 664 F.2d 1346, 1348 (9th Cir.1982). Thus, in this case, "offense" should be interpreted to mean the underlying criminal offense and not the willful nonpayment of the fines. The

underlying criminal offense in this case occurred prior to Decemer 31, 1984, and therefore, section 3621 does not apply. Furthermore, the defendant was not charged with violating section 3621.

3. The government, of course, may institute proceedings against the defendant for collection of the fine. *See* 28 U.S.C. § 547(4); Fed.R.Civ.P. 69(a).

4. The defendant's probation officer apparently warned the defendant that she could be jailed if she failed to pay the fine. If this statement had come from the district judge, then the defendant would have had the fair prior warning required by *Dane.* However, it would be an undue extension of *Dane* to hold that a probation officer may add conditions to a defendant's probation after the imposition of sentence.