67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy G. POWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dixie Lee POWELL, Defendant-Appellant.
 Nos. 95-10019, 95-10020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion appeals, federal prisoners Roy G. and Dixie Lee Powell appeal pro se the district court's orders revoking their respective probationary sentences. They contend the district court erred when it found they had violated the conditions of their probation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review a district court's decision to revoke probation for abuse of discretion, United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991), and affirm.
 
 
 3
 After the jury rejected their good faith defense that they believed they were nonresident aliens and sovereign citizens exempt from tax filing requirements, the Powells were convicted of three counts each of willful failure to file tax returns.[1] On February 22, 1993, the district court sentenced each of the Powells to one year of incarceration with eleven months suspended and five years of probation. At sentencing, the district court flatly stated that the Powells' nonresident alien argument was frivolous. At that same hearing, Dixie Powell assured the court that "[w]e are willing to file whatever back tax form we should, and we have been writing to the IRS asking which forms they would like us to file." As one of their conditions of their probation, the district court ordered the Powells "to meet with the Internal Revenue agent that's in charge of this case and to resolve any tax liability, forthwith."
 
 
 4
 Contrary to express instructions from an IRS agent, the Powells filed nonresident alien returns. Through numerous rounds of correspondence protracted over the course of many months, the Powells insisted with the IRS that they were nonresident aliens. After finding that the Powells had violated the conditions of their probation by failing to "cooperate" with the IRS, the district court revoked probation.
 
 
 5
 The Powells contend they fully complied with the conditions of their probation as they met with the IRS and the government does not allege any tax deficiency in the probation violation complaint. Because cooperating with the IRS was not an express condition of their probation, the Powells contend the district court abused its discretion when it revoked probation for failure to cooperate with the IRS. We disagree with both contentions.
 
 
 6
 Due process requires that a defendant have notice of acts which would lead to revocation of probation. United States v. Grant, 816 F.2d 440, 442 (9th Cir.1987). Generally, the express conditions of probation inform the defendant of proscribed conduct. Id. (citing United States v. Dane, 570 F.2d 840, 843 (9th Cir.1977), cert. denied, 436 U.S. 959 (1978)). Express conditions of probation, however, are not the only form of notice. Id.; see also United States v. Romero, 676 F.2d 406, 407 (9th Cir.1982) (the court's order of probation is the principal but not the sole determinant of the conditions of probation). When certain conduct is neither criminal nor proscribed by an express condition of probation, "the record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warning." Grant, 816 F.2d at 442 (quoting Dane, 570 F.2d at 442); see also Romero, 676 F.2d at 407.
 
 
 7
 Because (1) the district court made it clear at sentencing that the Powells' nonresident alien argument was frivolous and (2) the Powells, after assuring the court they would file any form the IRS instructed them to file, filed nonresident alien forms despite express instructions from an IRS agent that they were not permitted to do so, the district court did not abuse its discretion when it revoked the Powells' probation for failing to comply with the conditions of their probation. See Dane, 570 F.2d at 844-45 (when district court made it clear at sentencing that certain conduct was unacceptable to the judge, defendant had fair notice that such conduct was inconsistent with probation).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This conviction followed their second trial on these charges. At their first trial in 1989, the Powells explained that they had not filed tax returns because they believed that wages were not income and filing was voluntary. See United States v. Powell, 955 F.2d 1206, 1209 (9th Cir.1992). Because the district court instructed the jury that the Powells' good faith defense had to be objectively reasonable, this court reversed the Powells' convictions as required by Cheek v. United States, 498 U.S. 192 (1991) (good faith belief that filing is not required, even if objectively unreasonable, is complete defense to willful failure to file charge). Powell, 955 F.2d at 1211-12
 
 
 [2]
 The Powells cite an extra-circuit case, United States v. Stafford, 983 F.2d 25 (5th Cir.1993), for the proposition that an order of probation cannot deprive them of the right to litigate the nonresident alien issue. The Powells misread Stafford. See id. at 29 (condition of probation requiring defendant to cooperate fully with IRS does not deprive defendant of his right to contest amount of tax liability). The district court did not deprive the Powells of the right to contest the amount of their tax liability