**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [# 18] is granted.

**IT IS FURTHER ORDERED** that defendants' motion for enlargement of time to file pretrial materials is denied as moot.

UNITED STATES of America, Plaintiff,

v.

**Nicholas LANFRANCA, Defendant.**

No. 92–00026–06–CR–W–6.

United States District Court,
W.D. Missouri,
Western Division.

March 4, 1997.

Patrick A. Mcinerney, Assistant United States Attorney, Kansas City, MO, for Plaintiff.

James R. Hobbs, Wyrsch Hobbs Mirakian & Lee, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

SACHS, District Judge.

Defendant is on supervised release from a narcotics conviction. A motion to revoke has been filed. As modified at the revocation hearing, in accordance with a supplemental violation report, defendant has been charged with violating federal law on January 30, 1997, by allegedly "acting in concert" with Joseph Riley and Michael Albanese in "an attempt to possess five kilograms of cocaine." The criminal activity resulted in the shooting death of Riley and a serious gunshot wound to a Government cooperating witness.

Less serious charges have also been filed. It is alleged that LanFranca violated condition 9 of his supervised release, in that he had (1) associated with a person convicted of a felony (Albanese) and (2) associated with "persons engaged in criminal activity" (Riley and allegedly Albanese).

LanFranca and Albanese were passengers, waiting in a car in a motel parking lot, at the time Riley shot the cooperating witness in his motel room. Riley was killed by FBI agents who had been waiting in an adjoining room and intercepted Riley after he had shot the witness, fired a second shot Which missed, and may have been trying to shoot again.

By a preponderance of evidence I reject the charges of engaging in criminal conduct and association with a felon, but find, on contested evidence, that LanFranca probably knowingly associated with at least one person engaged in criminal activity. The maximum period of punishment for that violation will be imposed; that is, ten months. By my finding of an insufficient showing of his own criminal activity LanFranca escapes a possible commitment to imprisonment of 15–21 months.

### (1) Association with a Felon

LanFranca knew that Albanese had a conviction which was reversed by the Missouri courts. He apparently did not know that there was a felony conviction in Kansas in 1991 for stealing. Defendant claims his association with a "known" felon is required for a violation while the Government contends a person on supervised release has the responsibility for determining the criminal history status of his associates.

Literally read, the condition of release supports the Government's contention. In Ninth Circuit litigation, however, where a probationer sought to avoid the condition as either vague or overbroad, the court, speak-

ing through Judge (now Justice) Kennedy, ruled the objection premature. *United States v. Romero,* 676 F.2d 406 (9th Cir. 1982). Judge Kennedy said, however, "if and when probation is revoked, *we will* examine the findings to insure that probationer's due process right to notice ... has been observed and to *protect him from unknowing violations.*" 676 F.2d at 407 (emphasis added).

The parties have found no cases more in point than the dicta of Judge Kennedy. While there are arguments for a literal reading of the condition of release I am not prepared to disagree with the Justice. LanFranca's status will not be altered by reason of association with a felon.[1]

#### (2) Criminality of Passenger

■ Although, as will be discussed, there is persuasive indication that LanFranca knew that criminal activity was in progress, this alone is insufficient to show that a passenger in an automobile is aiding or abetting the criminal activity or is a co-conspirator. *United States v. Jones,* 44 F.3d 860 (10th Cir.1995). *See also United States v. Sanchez–Mata,* 925 F.2d 1166 (9th Cir.1991); *United States v. Pena,* 983 F.2d 71 (6th Cir.1993).

I recognize that in this case the Government is not required to make proof beyond a reasonable doubt, but is only required to persuade me that it is probable that LanFranca was conspiring with Riley to obtain cocaine, or in some manner was assisting Riley or encouraging him to violate the law. *United States v. Zentgraf,* 20 F.3d 906 (8th Cir.1994). There is considerable ground for suspicion in this case, as will be shown when I consider whether LanFranca probably knew criminal activity was in progress. The Government disclaims, however, a theory that LanFranca would have some future role in distributing the cocaine. That seems more likely to me than the final argument made at the reopened hearing, that Lan-

Franca was a second "lookout," which seems obviously speculative.[2]

Unlike Albanese, who took over the driving from Riley and repositioned the car, most likely for a fast departure, LanFranca is not currently known to have done anything more than accompanying Riley. That is not enough to take the case beyond suspicion of past or future participation in a crime.

#### (3) Association With a Person Engaged in Criminal Activity

■ Following the dicta in *Romero,* I conclude that revocation of supervised release requires knowledge of the violation; that is, that LanFranca knew there was probably criminal activity in progress. The facts presented to me are strange, but probable knowledge is, I believe, a reasonable inference.

Defendant does have a drug conviction. He probably is more sophisticated than the average person about the activities associated with drug trafficking. The cooperating witness information also raises suspicion about his activities, but I accept simply the proof of frequent association with Riley and the likelihood that Riley talked about crime with his friend as well as with the witness.

According to Government tape-recordings, Riley arranged with the witness on January 23 for a purchase of multiple kilos of cocaine. He visited that same day with Albanese and went to the restaurant where defendant was employed. On January 30, after arranging to pick up the cocaine; Riley again contacted Albanese and LanFranca and the three traveled together to the motel where the purchase was to be made.

Surveillance showed LanFranca and Albanese looking into the open trunk of Riley's car, when Riley opened it after picking up food, supposedly for the person he was to meet. LanFranca saw a magazine and a collection of Texas license plates, according to his testimony, and saw Riley remove a

---

1. If this ruling is wrong, I would not imprison LanFranca or otherwise punish him for this alleged violation, in light of the action taken on the other allegation of improper association.

2. There is no showing, and I do not take judicial notice, that use of two lookouts would be com-

mon in these circumstances, or that they would, as here, be unarmed. The argument does not suggest why LanFranca was apparently contacted as early as the 23rd, when the need for a lookout was not yet established.

towel from the trunk. The Government contends the gun was probably wrapped in the towel, but that is speculative. In any event, LanFranca asked no questions and purportedly had no suspicions about criminal activity in progress. That is hard to believe.

At the motel Riley left the car but arranged with Albanese to have it moved to the foot of the staircase leading to the room occupied by the witness. Albanese moved the car twice, to position it appropriately. LanFranca again asked no questions and had no conversation that he remembers with Albanese. Probably the radio was left on, as was the motor, awaiting Riley's return.

It is of course conceivable that a person engaged in drug trafficking and anticipating shooting the supplier and stealing the cocaine would take along as a passenger an innocent friend—but this would be extraordinary. It seems much more likely that persons "in the know" would be and were the passengers on such a venture.

So I do reach the conclusion, from the entire showing made by the Government, that it is more likely LanFranca knew about Riley's intent to acquire cocaine on January 30 than that he was an unsophisticated bystander.

Based on the foregoing it is therefore ORDERED

1. The motion for revocation based on an alleged violation of condition 9 for associating with a felon is denied.

2. The motion for revocation based on an alleged violation of condition 9 for associating with persons engaged in criminal activity is granted.

3. The motion for revocation based on an alleged violation of federal law by attempting to possess five kilograms of cocaine is denied.