**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30142 |
| Plaintiff - Appellee, | D.C. No. 9:13-cr-00018-DWM-1 |
| v. | |
| AMANDA MAY RICHTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted July 10, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Amanda Richter appeals conditions of her probation imposed following her

pleading guilty to acquiring a controlled substance by fraud, deception, or

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

subterfuge in violation of 21 U.S.C. § 843(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

1. The district court did not abuse its discretion when it imposed conditions restricting Richter from (1) knowingly entering or staying in any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol without approval from her probation officer, and (2) from entering any automobile where a person possesses or is consuming alcohol. A district court "has broad discretion in setting probation conditions, including restricting fundamental rights." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). A discretionary condition of probation, including restrictions on a defendant's right of association, will be upheld if it is "(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends." *Id.*

In this case, the court found Richter had serious addiction issues, an addictive personality, previous problems with alcohol as well as drugs, and that, if she were placed in a position like she had in the past, there would be a "serious risk" of Richter engaging in future behavior "akin to the kind of conduct that got her in trouble here." The court noted there was "a need to provide [Richter] with educational, vocational, medical and other care in the most effective manner . . . [and] that the conditions it imposed . . . hopefully [would] enable [Richter] to lead

2

a drug-free and alcohol-free life, not only for her own benefit, but also for the benefit of her son." ER 19.  The district court thoroughly explained that all of the conditions it was imposing as part of Richter's probationary sentence (including the contested conditions) would account for the seriousness of the offense, protect the public, deter criminal behavior, and hopefully enable Richter to lead a drug-free and alcohol-free life for her own benefit as well as the benefit of her son. Thus, the record demonstrates that the contested condition was "part of an integrated rehabilitative scheme," *United States v. Gementera*, 379 F.3d 596, 606 n.13 (9th Cir. 2004), and had "a reasonable nexus with the . . . goals of probation, rehabilitation and protection of the public." *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988).  "It is hardly a secret that there is a tie between drug abuse and alcohol abuse." *United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) (internal quotation marks and alteration omitted).  Contrary to Richter's assertions, the discretionary conditions are reasonably related to the crime committed, Richter's history, and to the goals of punishment, rehabilitation, deterrence and protection of the public.  *See* 18 U.S.C. §§ 3553(a), 3563(b).  We also reject Richter's assertion that the discretionary condition is impermissibly vague.  Richter repeatedly affirmed that she understood the condition when the district court questioned her at sentencing.  Moreover, in response to an objection

from counsel, the district court provided further clarification of the condition--even going so far as to provide examples. *See United States v. Romero*, 676 F.2d 406, 407 (9th Cir. 1982) ("In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanations, or instructions of the district court and the probation officer."). Together, this clarification and the "ordinary meaning" of the language of the discretionary condition are enough to adequately notify Richter of what conduct is prohibited. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010); *see also United States v. Wolf Child*, 699 F.3d 1082, 1100 n.9 (9th Cir. 2012).

2.     The district court did not improperly delegate authority to the probation officer. The probation officer did not determine the nature or the extent of the probationary condition to which Richter is subject. The district court crafted and imposed the contested condition. The probation officer is merely tasked with monitoring Richter's compliance and with determining the details of where the condition will be satisfied. Such duties are consistent with 18 U.S.C. § 3603, which mandates that parole officers are to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) (reiterating that probation officers have "broad . . . authority to supervise offenders and to enforce a

sentencing court's terms and conditions"); *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006) (noting that if the challenged condition was "interpreted to give the probation officer authority to designate drug and alcohol testing only as incidental to the treatment program, then there [was] no error under *Stephens* . . . [but], if the challenged provision [was] interpreted to give the probation officer authority to require testing apart from any treatment program, then it [was] an error under *Stephens*").

AFFIRMED.