**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30141 |
| Plaintiff-Appellee, | D.C. No. CR-02-09-BU-DWM |
| v. | |
| ROBERT STEVEN MCINTEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted July 12, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges and LEFKOW,[***] Senior
District Judge.

Robert McIntee appeals from a judgment revoking supervised release. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

affirm in part and vacate and remand in part.

Following conviction for methamphetamine distribution, McIntee's supervised release was revoked. The district court sentenced McIntee to eighteen months' imprisonment followed by forty-two months of supervised release, including "the long condition":

> The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. *The defendant shall not knowingly enter any dwelling or house where there is the active or ongoing use, abuse, or consumption of alcohol or controlled substances and shall not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. The defendant shall not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances*.

McIntee challenges only the italicized section of the long condition as (1) not substantively reasonable as to its inclusion of alcohol; (2) impermissibly vague; and (3) overbroad.

We review conditions of supervised release for abuse of discretion. *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008). "Under 18 U.S.C. § 3583(d), conditions of supervised release 'must: (1) be reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve those goals; and (3) be consistent with any pertinent policy statements issued by

2

the Sentencing Commission.'" *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010)). Conditions need not be related to each sentencing factor in 18 U.S.C § 3553(a) and "may be unrelated to one or more of the factors, so long as they are sufficiently related to the others." *United States v. Carter*, 159 F.3d 397, 400 (9th Cir. 1998) (quoting *United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993)). "The district court 'enjoys significant discretion in crafting terms of supervised release.'" *Napulou*, 593 F.3d at 1044 (quoting *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006)).

1. The long condition is reasonably related to the goal of rehabilitation. Supervised release conditions pertaining to alcohol are permissible even where the underlying crime was not related to alcohol abuse, particularly where the defendant has a history of substance abuse. *See, e.g.*, *United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) ("[I]t is hardly a secret that there is a tie between drug abuse and alcohol abuse." (alteration in original and citation omitted)); *see also United States v. Sales*, 476 F.3d 732, 735–36 (9th Cir. 2007) (affirming on plain error review a condition prohibiting defendant from consuming alcohol where he had no history of alcohol abuse but did have a history of substance abuse). Further, the district court reasoned that if McIntee was not using at the time of his arrest, then the methamphetamine on his person was for distribution, an issue affecting public

3

safety. And, unlike *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003), where the court reversed when conditions were predicated on twenty-year-old incidents as unrelated to the goals of deterrence, public protection, or rehabilitation, here McIntee had methamphetamine on his person when he was arrested. Accordingly, the long condition is substantively reasonable as to its inclusion of alcohol.

2. The long condition's associational restrictions are not impermissibly vague. Conditions of supervised release "must be interpreted consistently with the 'well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea.*'" *Napulou*, 593 F.3d at 1045 (quoting *Vega*, 545 F.3d at 750) (finding that a supervised release condition prohibiting regular contact with persons convicted of misdemeanors was not vague because it would not be violated by "inadvertently associating with someone [the defendant] did not know had a misdemeanor conviction"). McIntee's inadvertent entry into a prohibited premises would not violate the reasonable interpretation of the prohibition. Simply stated, McIntee may not enter a premises if he knows before entering there is active use within, and he may not stay if, once there, he learns that it is occurring.

Neither is "ongoing use, abuse, or consumption" vague in light of the district court's clarification at the revocation hearing that McIntee cannot "go to any house where they're using or get in a car where it's being used." *See United States v.*

4

*Romero*, 676 F.2d 406, 407 (9th Cir. 1982) ("In addition to the bare words of the probation condition, the probationer may be guided by the further definition, explanations, or instructions of the district court and the probation officer."). The court's clarification coupled with the "ordinary meaning" of the language is sufficient to ensure the terms are not vague. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010); *see also Ongoing*, MERRIAM-WEBSTER DICTIONARY (10th ed. 2015) (defining "ongoing" as "being actually in process").

3. McIntee's argument that the term "controlled substances" is vague has merit. It is not clear whether the long condition applies only to illegal and illegally-obtained controlled substances or it also applies to legally-obtained prescription drugs, some of which could be equally tempting to McIntee. *See United States v. Rearden*, 349 F.3d 608, 614 (9th Cir. 2003) (stating that a condition of supervised release is impermissibly vague if it "fail[s] to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated."). The government argues that the probation officer could clarify the issue, but "[a] vague supervised release condition 'cannot be cured by allowing the probation officer an unfettered power of interpretation, as this would create one of the very problems against which the vagueness doctrine is meant to protect, *i.e.*, the delegation of "basic policy matters to policemen . . . for resolution on an ad hoc and subjective basis."'" *United States v. Soltero*, 510 F.3d 858, 867 n.10 (9th Cir. 2007) (per curiam)

(quoting *United States v. Loy*, 237 F.3d 251, 266 (3d Cir. 2001)). Perhaps the district court did not mean the long condition to apply where legally-obtained controlled substances are being used, but it is also possible that, given McIntee's extensive history of substance abuse, the district court included legally-obtained controlled substances in an effort to keep McIntee away from temptation. Accordingly, we remand to the district court to clarify this issue.

4. The long condition is not overbroad. Restrictions on association are permissible where the barred activity bears a reasonable relationship to the risk that the defendant will return to his criminal activity. *Napulou*, 593 F.3d at 1045. Although McIntee argues that the long condition affects his right to spend time with his family and friends in their homes or vehicles, it only prohibits him from doing so while they consume alcohol or controlled substances. Additionally, McIntee may seek prior permission from his probation officer to be present in homes under such circumstances and thereby avoid a violation. *See United States v. Watson*, 582 F.3d 974, 984–85 (9th Cir. 2009) ("Furthermore, the restriction placed on entering San Francisco is not absolute. That [the defendant] may obtain permission from his probation officer to visit the city helps to mitigate the severity of the limitation.").

Each side shall bear its own costs. **AFFIRMED IN PART, VACATED and REMANDED IN PART.**