**David BERLIN, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

Civ. No. 920149.

Supreme Court of North Dakota.

Nov. 24, 1992.

Leslie D. Johnson, Fargo, for petitioner and appellant.

John T. Goff, State's Atty., Fargo, for respondent and appellee.

LEVINE, Justice.

David Berlin appeals from a district court order denying his application for post-conviction relief. We vacate the order and remand for further proceedings.

Berlin was charged with forgery and perjury. He initially pleaded not guilty and counsel was appointed to assist in his defense. Berlin subsequently appeared with counsel at a change of plea hearing and entered open pleas of guilty to one count of forgery, a class C felony, and one count of perjury, also a class C felony. The court sentenced Berlin to concurrent five-year terms of incarceration at the State Penitentiary, but suspended three years from the forgery sentence and two years from the perjury sentence. Ultimately, however, the court suspended an additional year from the perjury sentence pursuant to Rule 35, NDRCrimP.

While serving his sentence, Berlin filed a motion to change his plea on the perjury charge to not guilty. The motion was untimely, but the court treated it as a motion for post-conviction relief seeking redress for alleged wrongs. New counsel was then appointed to represent Berlin and an application for post-conviction relief was thereafter submitted to the court, setting forth Berlin's assertion that he had received constitutionally deficient representation from the attorney originally appointed to defend him. The court considered the application, granted Berlin's request for an evidentiary hearing on the matter, and ordered that Berlin be deposed.

In accordance with the order, Berlin was deposed and oral arguments on his application eventually were presented to the court at an evidentiary hearing. Afterward, the court denied the application for post-conviction relief, determining that Berlin had not proved "that his trial counsel's representation fell below an objective standard of reasonableness," that he further failed to show he had been "prejudiced in any way by the actions of his trial counsel," and that he also had not proved there was a

"reasonable probability that the result of the proceedings would have been different, but for trial counsel's" alleged errors.

Berlin has appealed from the order denying his petition for post-conviction relief, reasserting his claim of ineffective representation by the attorney first appointed to assist him. To support that claim, Berlin's appellate counsel, in her briefs to the district court and to this court, relied in large part on Berlin's deposition testimony. Counsel for the State also pointed to the importance of the deposition, characterizing it as one of several evidentiary items that comprises the complete and unbiased factual record in this case.

Ironically, however, that deposition was first offered into evidence during oral argument before this court. In our attempt to supplement the record, it was discovered that the deposition was not part of the record, never having been made part of the record at the district court level.[1]

We consider the Berlin deposition to be relevant and material. Because it appears from the record that it was not submitted to the district court, and was, therefore, unavailable for that court's consideration, we vacate the order denying Berlin's application for post-conviction relief and remand this matter to the district court for reconsideration of Berlin's claim after review of his deposition testimony.

Order vacated and case remanded for further proceedings.

ERICKSTAD, C.J., and MESCHKE, JOHNSON and VANDE WALLE, JJ., concur.

1. The original, sealed deposition was presented to this court, but, there is no indication in the record that the deposition was ever filed, offered or otherwise made part of the record. In contrast, the deposition of Berlin's original counsel, taken successively with Berlin's, was recorded by the Clerk and appears as part of the record.