Thomas J. MORSTAD, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Civ. No. 930271.

Supreme Court of North Dakota.

June 15, 1994.

Neil W. Fleming of Fleming, DuBois & Trenbeath, Cavalier, for petitioner and appellant.

Stephen J. Rice, State's Atty., Grafton, for respondent and appellee.

SANDSTROM, Justice.

Convicted of sexually assaulting his nine-year-old daughter, Thomas J. Morstad has continued to insist on his innocence. Because he would not admit guilt, he could not "successfully complete" a sexual-offender

treatment program, and his probation was revoked.

Morstad appeals from a trial court judgment denying his application for post-conviction relief. We reverse and remand. Revocation was improper because the conditions of Morstad's probation did not clearly require him to admit guilt. We do not decide whether an unambiguous requirement to admit guilt would violate the Eighth Amendment prohibition of cruel and unusual punishment, or the Fifth Amendment right against self-incrimination.

## I

In March 1992, following a bench trial, Morstad was convicted of gross sexual imposition for sexually assaulting his nine-year-old daughter. At trial, Morstad testified he did not sexually assault his daughter. Following a sentencing hearing at which Morstad continued to maintain his innocence, the trial court deferred imposition of sentence and ordered Morstad be placed on four years of supervised probation. Morstad appealed. This Court affirmed the conviction. *See State v. Morstad*, 493 N.W.2d 645 (N.D.1992).

As a condition of his probation, Morstad was to "attend, participate in, cooperate with and successfully complete ... evaluation and treatment through the Sex Offenders Treatment Program at Northeast Human Services Center or other appropriate Human Services Center." Morstad completed a sex-offender evaluation at Northeast Human Service Center on January 18, 1993. Based on the evaluation, Dr. Myron J. Veenstra, a clinical psychologist with the center, concluded Morstad was not amenable to out-patient sex-offender's treatment at the center because Morstad would not admit sexually assaulting his daughter. Dr. Veenstra concluded Morstad was in "an extreme state of denial". Based on Dr. Veenstra's recommendation that rehabilitation would be best accomplished by placing Morstad in a closely controlled in-patient treatment program (prison), the State moved to revoke Morstad's probation.

The judge for the probation revocation hearing was not the judge who tried and sentenced Morstad. The court found Morstad had violated the treatment condition of his probation. The court revoked probation and sentenced Morstad to six years at the State Penitentiary, with·two years suspended.

Morstad petitioned for post-conviction relief under N.D.C.C. ch. 29–32.1, claiming his probation had been unlawfully revoked because the trial court wrongly concluded he had violated a term of his probation, and a requirement he admit guilt would violate the Fifth Amendment. The trial court denied Morstad's petition for post-conviction relief, and Morstad appeals.[1] This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–32.1–14.

## II

In his August 17, 1993, notice of appeal, Morstad purports to appeal from the May 10, 1993, order revoking probation; the June 3, 1993, criminal judgment and commitment; and the August 6, 1993, order denying post-conviction relief. As to the order revoking probation, and the criminal judgment and commitment, Morstad's notice of appeal is untimely. In criminal cases, the notice of appeal must be filed with the clerk of the trial court within ten days after the entry of judgment or order appealed from. Rule 4(b), N.D.R.App.P. Petitioning for post-conviction relief does not, as was suggested by counsel at oral argument, automatically stay the running of the time for bringing a direct appeal. A proceeding under the Uniform Post–Conviction Procedure Act "is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court." N.D.C.C. § 29–32.1–01(2). *Compare* N.D.C.C. § 29–32.1–03(3) ("If an application [for post-conviction

---

1. Morstad's probation was revoked on June 3, 1993. On June 4, 1993, Morstad attempted suicide. Morstad was committed to the State Hospital for treatment. Morstad remained at the State Hospital until August 26, 1993, when he was transferred to the State Penitentiary. On August 26, 1993, his first day at the penitentiary, Morstad was attacked by another inmate and was severely injured. Morstad moved for a sentence reduction under Rule 35(b), N.D.R.Crim.P. On September 20, 1993, the trial court granted the sentence reduction.

relief] is filed before the time for appeal from the judgment of conviction or sentence has expired, the court, on motion of the applicant, may extend the time for appeal until a final order has been entered in the [post-conviction relief] proceeding....").  Morstad's appeal from the order denying post-conviction relief was timely under N.D.C.C. § 29–32.1–14.  Accordingly, the only appealable order properly before us is the order denying Morstad's application for post-conviction relief.

### III

■ Morstad claims his probation was illegally revoked because the treatment condition of his probation is ambiguous as to whether he is required to admit guilt as part of sex-offender treatment.

■ Conditions of probation are to be strictly construed in favor of the offender. *State v. Drader*, 432 N.W.2d 553, 554 (N.D. 1988); *State v. Monson*, 518 N.W.2d 171 (N.D.1994).  " '[T]he benefit of the doubt as to a sentence which is not certain, definite, and free from ambiguity should be given to [the] accused, and serious uncertainty in the sentence must be resolved in favor of liberty.' "  *Drader*, (quoting 24 C.J.S. *Criminal Law*, § 1585).  If a condition of probation is capable of two constructions, this Court will construe the condition in favor of the offender.  *Drader*.

In *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987), the Ninth Circuit concluded:

> "[W]hen, as here, the proscribed acts are not criminal, due process requires that the probationer receive actual notice.  The record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warning.  Therefore, unless [the offender] received prior fair warning that his acts could lead to revocation, the district court's revocation violated due process and was an abuse of discretion."  (Citations omitted.)

The issue is whether Morstad received clear warning his failure to admit guilt as part of treatment would constitute a violation of probation.

■ The written treatment condition of Morstad's probation orders Morstad to "attend, participate in, cooperate with and successfully complete ... evaluation and treatment through the Sex Offenders Treatment Program at Northeast Human Services Center or other appropriate Human Services Center."  An examination of the written order does not end the analysis.  In addition to written probation conditions, an offender may rely on and be guided by explanations or instructions of the sentencing court.  *Simmons* at 566–67; *United States v. Romero*, 676 F.2d 406, 407 (9th Cir.1982).

At the sentencing hearing, Morstad's trial counsel anticipated the difficulty Morstad would have completing a treatment program as part of his probation.

> "MR. FLEMING:
>
> \* \* \* \* \* \*
>
> "Again, you found him guilty, Judge. Again, reasonable men can differ but I am just up to a flat place.  Tom Morstad is still maintaining his innocence and in order to participate in those [treatment] programs the first thing they require you to do is admit to the act.  He is in a catch-twenty-two situation.
>
> \* \* \* \* \* \*
>
> "I certainly—I certainly ask you to seriously consider placing Tom on probation. And that you not make as a requirement he did something wrong, because in essence what you are doing is, [saying] either you go to prison or you have to lie."

The court responded to Morstad's counsel's concerns by explaining:

> "THE COURT:
>
> \* \* \* \* \* \*
>
> "This is a real dilemma because if you are going to maintain nothing happened then there really is a problem.  There is a problem and there would be a problem in the Penitentiary and it is going to be a problem on probation with it because when you start with treatment it is premised on the fact that you are here because you need treatment.
>
> \* \* \* \* \* \*

"I am not saying it isn't impossible for you to be not guilty because we hear that every day.... I might have made a mistake. Just as juries make mistakes judges make mistakes. We all make mistakes, but I don't think so. I think you are going to have to come to grips with a new situation and maybe it is hard for you to change your denial. It is hard for any of us to admit that we did wrong and especially as wrong as you have done....

"You are not going to be sent to prison because I don't believe that total confinement would be the best way to go in this case. I believe that a treatment program plus the usual terms of probation would accomplish more for you and society and for your family. And I am not concerned so much with punishment. I am concerned with the fact that this sort of conduct could not happen again with you. And I am satisfied that it won't.

\*      \*      \*      \*      \*      \*

"*And you should go into these treatment programs with the idea that there they will talk to you about this and maybe they will change your mind. Not make you. Nobody should make you change you[r] mind if you believe what you said and are convinced of that. You will be fine with them also.*

"And so, this is the sentence of the court." (Emphasis added.)

The treatment condition of Morstad's probation is ambiguous. The court's comments can be fairly read as advising Morstad his probation was not contingent on admitting to guilt as part of treatment. The court's comments do not give actual, definite notice a failure to admit guilt as part of treatment would constitute a violation of probation. *See Diaz v. State*, 629 So.2d 261, 262 (Fla. App. 4 Dist.1993) (offender's probation could not be revoked based on his refusal to admit guilt as part of treatment because no specific condition of probation required admission of guilt).

### IV

On appeal, Morstad claims a probation condition requiring him to admit an offense he did not commit is cruel and unusual punishment violating the Eighth Amendment to the United States Constitution. Morstad cites no cases in support of his contention. Because Morstad did not raise the Eighth Amendment issue below, we do not decide this issue.

### V

Before the trial court, Morstad argued requiring him to admit guilt would violate the Fifth Amendment. Other jurisdictions have held, based on the right against self-incrimination, that an offender's probation cannot be legally revoked for refusal to admit guilt as part of sex-offender treatment. *See Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind.1991) (where the offender has not pled guilty, but was instead convicted while denying guilt, the trial court may not insist on an admission of guilt as a condition of probation, or use a denial of guilt as the basis for revoking parole); *State v. Imlay*, 249 Mont. 82, 813 P.2d 979, 985 (1991) (a sexual offender's constitutional right against self-incrimination prohibits the revocation of probation based on a refusal to confess to a crime as part of treatment); *Mace v. Amestoy*, 765 F.Supp. 847, 852 (D.Vt.1991) (revocation of an offender's probation for refusing to admit sexual intercourse with his step-daughter as required for completion of sexual-offender treatment program violates the Fifth Amendment right against self-incrimination). We do not decide the Fifth Amendment issue because Morstad waived the issue on appeal.

### VI

The treatment condition of Morstad's probation ·is ambiguous as to the necessity of admitting guilt as part of treatment. We reverse the trial court's denial of post-conviction relief, and remand with direction that Morstad's probation be reinstated.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ.

LEVINE, Justice, concurring specially.

I agree with the majority's analysis and result in this case. I write separately to express my discomfort with the seeming self-

contradiction of the trial court in its conviction and sentencing of the defendant.

We have to believe that the defendant was guilty of having sexual contact with his nine-year-old daughter. The trial court convicted him and we affirmed. *See State v. Morstad,* 493 N.W.2d 645 (N.D.1992). But in light of that presumption, the trial court's comments during sentencing are most puzzling. The trial court stated that it was "satisfied" that the defendant would not repeat the offense. However, I find nothing in the record to support such an assumption. Although several witnesses testified as to the defendant's "fine character," that testimony obviously did not convince the trial court that the defendant did not commit the offense, and I fail to see how that testimony reasonably could convince the trial court that the defendant would not repeat the offense. I do not believe that "a good citizen and otherwise a good father" necessarily is incapable of sexually abusing his children. Abusers are not categorized so easily. Therefore, I must conclude that the trial court was improperly inconsistent in convicting the defendant of sexual contact with his daughter and assuming that because the defendant was "a good citizen," he would not do it again.