# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 97-3111

---

| | |
|---|---|
| Thomas J. Morstad, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | *   Appeal from the United States |
| Department of Corrections and | *   District Court for the |
| Rehabilitation, a department of the | *   District of North Dakota. |
| State of North Dakota; Tim Schuetzle, | * |
| individually; Department of Health | * |
| and Human Services, a department of | * |
| the State of North Dakota; Myron | * |
| Veenstra, individually; | * |
| | * |
| Appellees. | * |

---

Submitted: March 13, 1998

Filed: June 26, 1998

---

Before BEAM and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

---

HEANEY, Circuit Judge.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Thomas Morstad, a former inmate at the North Dakota State Penitentiary (NDSP), was assaulted by a fellow inmate. Alleging violations of 42 U.S.C. § 1983 and North Dakota state law, Morstad brought claims against the North Dakota Department of Corrections and Rehabilitation (DOCR); the North Dakota Department of Health and Human Services (DHHS); Timothy Schuetzle, individually and in his official capacity as warden of the NDSP; and Myron Veenstra, individually and in his official capacity as the court-appointed psychologist who evaluated Morstad and testified at Morstad's probation revocation hearing. Morstad settled his claim against Schuetzle in his individual capacity. With regard to his remaining claims, the district court dismissed Morstad's claims against the DOCR, DHHS, and Schuetzle and Veenstra in their official capacities for failure to state a claim and granted Veenstra's motion for summary judgment in his individual capacity. We affirm the district court because (1) the Eleventh Amendment bars Morstad's suit against the DOCR, DHHS, and Schuetzle and Veenstra in their official capacities; (2) Veenstra's alleged negligence does not establish § 1983 liability; (3) Veenstra enjoys absolute immunity for his testimony and reports submitted to the court; and (4) Veenstra's actions do not, as a matter of law, establish the required causal connection to Morstad's injuries.

## I.

On March 20, 1992, Morstad was convicted of gross sexual imposition for improper sexual contact with his nine-year-old daughter. Morstad maintained his innocence of the charge throughout the trial. On March 31, 1992, he received a deferred sentence of four years of supervised probation, during which time he must have successfully completed an evaluation and undergone treatment in a sexual offenders program. The court appointed Dr. Myron Veenstra, a DHHS psychologist, to conduct an evaluation of Morstad. Veenstra administered the Minnesota Multiphasic Personality Inventory II, the Multiphasic Sex Inventory, and a child abuse potential inventory. Veenstra completed Morstad's evaluation on January 18, 1993, and diagnosed him with "pedophilia, non-exclusive." At Morstad's probation revocation

2

hearing, Veenstra explained that this diagnosis meant that Morstad had molested, or had fantasies of molesting, a pre-pubescent child. Veenstra testified that Morstad adamantly denied having had any sexual contact with his daughter and, in order to qualify for outpatient treatment, Morstad would have to admit some degree of culpability. Stating that he was unaware of any outpatient programs for sex offenders who deny culpability, Veenstra gave his opinion that the only suitable method of treating Morstad was through a sexual offenders program within prison, where he would be in a secure environment.

Based upon Dr. Veenstra's testimony, Morstad's probation was revoked and, on June 3, 1993, the court sentenced him to four years incarceration and two years probation. On the morning of June 4, 1993, the day Morstad was to begin serving his prison term at the NDSP, he attempted suicide and was admitted to the North Dakota State Hospital. On July 27, 1993, Morstad petitioned for post-conviction relief which was denied. Morstad appealed the decision to the North Dakota Supreme Court. On August 26, 1993, Morstad was transferred to the NDSP. That afternoon, Morstad was assaulted by another inmate, Darrell Redpaint. Redpaint, who had a history of violent behavior, attacked Morstad with a baseball bat, causing permanent brain damage.

On September 20, 1993, the trial court granted Morstad's request for a reduced sentence and commuted the remainder of his sentence. On June 15, 1994, the North Dakota Supreme Court reversed the revocation of probation because requiring Morstad to admit guilt as a part of his probation was ambiguous. See Morstad v. State of North Dakota, 518 N.W.2d 191, 194 (N.D. 1994). On August 23, 1995, Morstad filed suit in federal district court, claiming that the DOCR and Schuetzle violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process under the Fourteenth Amendment. He further claimed that Veenstra was negligent in providing Morstad treatment that led to the revocation of his probation, his incarceration, and his subsequent assault.

Citing the Eleventh Amendment's bar to suits against a state or state official acting in his or her official capacity, the district court issued an order on March 8, 1996, dismissing Morstad's claims against the DHHS, DOCR, and Schuetzle and Veenstra in their official capacities. See Morstad v. Department of Corrections, No. A2-95-122, at 4-7 (D.N.D. Mar. 8, 1996) (order granting defendants' 12(b)(6) motion). On February 12, 1997, the district court granted Veenstra's motion for summary judgment because (1) Veenstra's allegedly negligent acts did not support a § 1983 action; (2) Veenstra was entitled to absolute immunity; and (3) Veenstra's actions did not cause Morstad's injuries. See Morstad v. Department of Corrections, No. A2-95-122, at 4-7 (D.N.D. Feb. 12, 1997) (order granting Veenstra's summary judgment motion).

On appeal, Morstad argues that the district court erred by (1) dismissing his complaint against the DOCR, DHHS, and Schuetzle and Veenstra in their official capacities; and (2) granting summary judgment in favor of Veenstra for his individual liability.

## II.

We first address whether the district court properly dismissed Morstad's claims against the DHHS, DOCR, and Schuetzle and Veenstra in their official capacities. We review de novo a district court's grant of a motion to dismiss for failure to state a claim. See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). Granting dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996) (internal quotation marks omitted).

As Morstad concedes, the Eleventh Amendment bars suit against the state or state officials acting in their official capacity. See, e.g., Kentucky v. Graham, 473 U.S.

4

159, 169 (1985).  Morstad does not challenge defendants' assertion that the DHHS, DOCR, or Schuetzle and Veenstra acting in their official capacities are state actors.  Nor does Morstad suggest that the state waived its Eleventh Amendment immunity.  Rather, he argues that, under Graham, when a state entity is the "moving force" behind the deprivation of a federal right, the entity is liable under § 1983.  We disagree.

Graham clearly indicates that, absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability.  See id.  Alternatively, Morstad argues that public policy requires an exception to this principle "when the circumstances are incredibly egregious."  (Appellant's Br. at 13.)  Even if public policy dictated such an exception, a question we decline to address, the circumstances of this case do not warrant such an exception.  Consequently, we affirm the district court's dismissal of Morstad's claims against the DHHS, DOCR, and Schuetzle and Veenstra in their official capacities.[2]

We now turn to whether the district court erred in granting Veenstra's summary judgment motion.  In our de novo review of a district court's grant of summary judgment, we use the same standards as the district court.  See Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 944 (8th Cir. 1994).  We affirm where, after viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and judgment is appropriate as a matter of law.  See id.

---

[2]On October 15, 1997, we agreed to consider a Rule 38 motion for damages and costs as part of this appeal.  See Fed. R. App. P. 38.  The DOCR and Schuetzle argue that Morstad's Eleventh Amendment appeal is frivolous and they are therefore entitled to double costs and damages in the amount of $2,500.  In applying Rule 38, we may award such relief if "the arguments [Morstad] advance[s] for reversal are clearly lacking in merit and frivolous."  United States v. Gerards, 999 F.2d 1255, 1256-57 (8th Cir. 1993).  While we consider the case law construing Eleventh Amendment immunity well settled, we cannot construe Morstad's argument for a public policy exception to such immunity as clearly lacking in merit or frivolous.  We therefore deny the Rule 38 motion.

Morstad argues that the district court erred by concluding that the negligent actions of an official, such as those allegedly committed by Veenstra, do not support § 1983 liability. We disagree. "Our Constitution . . . does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332 (1986). Even if Veenstra had a duty to find an outpatient program that would not require Morstad to admit culpability, we find no support for the proposition that Veenstra's failure to find such a program would constitute a deprivation of a federal right. Morstad's remedy for Veenstra's alleged negligence, if there is any, lies in tort. Because we agree with the district court's determination that Morstad's negligence claim lacked constitutional dimension, we affirm.

Morstad next argues that the district court erred by determining that Veenstra enjoyed absolute immunity for the testimony and reports Veenstra submitted to the court. Our case law dictates that those "perform[ing] functions essential to the judicial process" enjoy absolute immunity against suit based on those actions. Moses v. Parwatikar, 813 F.2d 891, 892 (8th Cir. 1987) (court-appointed psychiatrist performing competency examination enjoyed absolute immunity); see also Myers v. Morris, 810 F.2d 1437, 1467 (8th Cir. 1987). Because the court directed Veenstra to evaluate Morstad and to testify at Morstad's probation revocation hearing, we conclude that Veenstra was performing functions essential to the judicial process. We therefore affirm the district court's determination that Veenstra was entitled to absolute immunity.

Finally, Morstad challenges the district court's ruling that Veenstra's actions did not cause Morstad's injuries. Although its summary judgment order is unclear on the issue, we assume the district court intended its analysis to dispose of Morstad's state law claims. We agree with the district court that Veenstra did not revoke Morstad's probation and, even if his testimony or reports could be construed as causing the revocation, that no reasonable juror could find Veenstra's actions to have proximately

caused Morstad's physical injuries. In other words, Veenstra's testimony and reports did not cause Morstad to be hit over the head with a baseball bat. Therefore, we affirm the district court's determination that Morstad's actions did not cause Morstad's injuries.

## III.

For the aforementioned reasons, we affirm the district court's orders granting the motions to dismiss for failure to state a claim and for summary judgment.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.