1999 ND APP 1

STATE of North Dakota, Plaintiff
and Appellee,

v.

David C. BERLIN, Defendant
and Appellant.

Criminal No. 970399CA

Court of Appeals of North Dakota.

Jan. 6, 1999.

Allen K. Albright, Assistant State's Attorney, Hawley, MN, for plaintiff and appellee. Submitted on brief.

Steven D. Mottinger, Fargo, ND, for defendant and appellant. Submitted on brief.

PER CURIAM.

[¶1] David C. Berlin appealed from an order denying his motion to withdraw a plea of guilty to aggravated assault. We conclude Berlin presented no grounds to the trial court to warrant withdrawal of his guilty plea, and we affirm.

[¶2] On October 1, 1997, Berlin was charged with class C felony aggravated assault and terrorizing in violation of N.D.C.C. §§ 12.1–17–02, 12.1–17–04, and 12.1–32–02.1. The charges stemmed from an incident where Berlin allegedly threatened to kill his girlfriend and struck her in the head with a hammer. On October 2, 1997, Berlin attended a group arraignment, where the judge informed Berlin and other defendants of their constitutional rights. When Berlin's case was called, the prosecutor read the charges against Berlin and informed him of the maximum and mandatory minimum sentences for the charges. The judge set the matter for preliminary hearing.

[¶3] On October 6, 1997, Berlin appeared in court with his court-appointed attorney, waived his right to a preliminary hearing, and pled guilty to the aggravated assault charge. The following colloquy occurred:

THE COURT: You are changing your plea today, I understand. You understand, of course, that you are entitled to a jury trial in this matter?

MR. BERLIN: Yes, Your Honor.

THE COURT: Have there been any promises of any type or nature that have led to you changing your plea or are you doing so voluntarily?

MR. BERLIN: Yes, Your Honor. So that I can get sent to Bismarck immediately, the State Penitentiary immediately, so I don't have to wait. ASAP. Two, three days.

. . . .

THE COURT: Are you prepared at this time to enter a plea?

MR. BERLIN: Yes, Your Honor.

THE COURT: To the charge of aggravated assault on or about September 30th of 1997, you, shortly after stating you were going to kill her, struck E.K.W. on the left side of her head with a hammer causing physical pain, a cut, and profuse bleeding, to this charge, how do you plead, guilty or not guilty?

MR. BERLIN: I'd like to strike the part that says I was going to kill her. But I did strike her. Guilty, Your Honor.

. . . .

THE COURT: Mr. Berlin, I'll ask you again. On or about September 30th of

1997, in Cass County, North Dakota, short-ly—you struck E.K.W. on the left side of her head with a hammer causing physical pain, a cut, and profuse bleeding, to this charge, how do you plead?

MR. BERLIN: Guilty, Your Honor.

THE COURT: Thank you.

[¶ 4] The prosecutor then stated a factual basis for the plea, moved to dismiss the terrorizing charge, and noted there was a two-year mandatory minimum sentence and the parties had jointly recommended a five year sentence. The court dismissed the terrorizing charge and sentenced Berlin to a five-year term of imprisonment.

[¶ 5] On November 17, 1997, Berlin, acting pro se, moved to withdraw his guilty plea. Berlin claimed he pled guilty "under extre[me] duress and depression," he was "not informed of an 85% man[d]atory sentence," and he was "tortured into shock" by two police officers and a nurse. The trial court, on a review of the existing record, denied the motion, concluding Berlin's plea of guilty was voluntarily given. Berlin, now represented by counsel, appealed.

[¶ 6] When a court has accepted a guilty plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. N.D.R.Crim.P. 32(d)(1); *State v. Klein*, 1997 ND 25, ¶ 15, 560 N.W.2d 198. The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion, and it will not be reversed on appeal absent an abuse of that discretion. *State v. Hendrick*, 543 N.W.2d 217, 219 (N.D.1996). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *State v. Shepherd*, 554 N.W.2d 821, 823 (N.D.1996).

[¶ 7] Berlin's claims that he pled guilty under duress and depression, and "was not in a state of mind to make any [decisions]" are belied by the record of the guilty plea proceedings. The transcript reflects Berlin understood the change of plea process and paid close attention to the proceedings. He stressed to the court he understood the rights he was giving up by pleading guilty and wanted the process expedited so he could begin his sentence immediately. Berlin even requested to have language from the charge removed by the court. Moreover, Berlin is an experienced participant in the criminal justice system and has previously entered a plea of guilty which he sought to have withdrawn. *See Berlin v. State*, 492 N.W.2d 898 (N.D.1992). There is simply no indication in the record that Berlin was confused in any manner during the guilty plea proceedings. Absent any evidence of confusion, we cannot say the trial court abused its discretion in denying the motion to withdraw Berlin's guilty plea on that basis. *See State v. Gunwall*, 522 N.W.2d 183, 186 (N.D.1994).

[¶ 8] Berlin's assertion that he would not have pled guilty if he had been informed of the "85% man[d]atory sentence" in this case is equally unavailing. A trial court need not inform a defendant he "is not eligible for release until 85 percent of the sentence imposed by the court has been served," and a failure to advise a defendant of that collateral consequence does not affect the voluntariness of the plea. *State v. Magnuson*, 1997 ND 228, ¶ 21, 571 N.W.2d 642.

[¶ 9] Berlin's assertion he was "tortured into shock" by two police officers and a nurse is without factual support in the record. Berlin's allegation is not supported by affidavit or other admissible evidence in this proceeding. Berlin did not even request an evidentiary hearing to prove his allegation. Under these circumstances, we conclude the trial court did not err in ruling Berlin's plea was voluntarily given, and did not abuse its discretion in refusing to allow him to withdraw the guilty plea.

[¶ 10] In his appellate brief, Berlin asserts for the first time that he should be allowed to withdraw his guilty plea, because the trial court failed to substantially comply with the dictates of N.D.R.Crim.P. 11. It is

well settled that issues not raised in the trial court cannot be raised for the first time on appeal. *See, e.g., Owens v. State*, 1998 ND 106, ¶ 50, 578 N.W.2d 542; *State v. Steffes*, 500 N.W.2d 608, 615 (N.D.1993). New counsel on appeal is also limited to the issues raised in the trial court. *See State v. Zimmerman*, 524 N.W.2d 111, 116 (N.D.1994). We, therefore, decline to decide whether the trial court failed to substantially comply with the N.D.R.Crim.P. 11 requirements when Berlin pled guilty.[1]

[¶ 11] The order denying Berlin's motion to withdraw his guilty plea is affirmed.

[¶ 12] GLASER, S.J., NELSON, D.J., and HUNKE, D.J.

---

1. The North Dakota Supreme Court has taken a strict view regarding trial court compliance with N.D.R.Crim.P. 11. The arraignment can be considered in conjunction with the record of the change-of-plea hearing to determine compliance with Rule 11. *See State v. Hoffarth*, 456 N.W.2d 111, 115 (N.D.1990). The requirement of the court addressing the defendant personally is satisfied when the court gives a group explanation of rights and subsequently requires each defendant to respond individually. *See State v. Parisien*, 469 N.W.2d 563, 566 (N.D.1991). However, the requirement that the trial court personally inform the defendant of the mandatory minimum punishment cannot be met by the defendant receiving that knowledge from other sources. *See State v. Schweitzer*, 510 N.W.2d 612, 615–16 (N.D.1994); *State v. Boushee*, 459 N.W.2d 552, 554 (N.D.1990); *State v. Schumacher*, 452 N.W.2d 345, 347 (N.D.1990). *See also Kaiser v. State*, 417 N.W.2d 175, 177 (N.D.1987); *State v. Mortrud*, 312 N.W.2d 354, 357–58 (N.D.1981). Defendants, however, need not be informed of all "collateral consequences" of guilty pleas. *State v. Dalman*, 520 N.W.2d 860, 863 (N.D.1994); *Houle v. State*, 482 N.W.2d 24, 30 (N.D.1992).