Filed 1/19/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 13

David C. Berlin, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 990250

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cynthia A. Rothe-Seeger, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Mark A. Beauchene and Chris A. Edison (argued), 400 Gate City Building, P.O. Box 1680, Fargo, N.D. 58107, for petitioner and appellant.

Birch P. Burdick, State’s Attorney, Courthouse, P.O. Box 2806, Fargo, N.D. 58108-2806, for respondent and appellee.

Berlin v. State

No. 990250

Sandstrom, Justice.

[¶1] David C. Berlin appeals from an order of the East Central Judicial District Court dismissing his petition for post-conviction relief.  Because the issue he raises on appeal was not raised below, we affirm.

 

I

[¶2] On October 1, 1997, Berlin was charged with aggravated assault and terrorizing.  On October 2, 1997, Berlin was arraigned in district court, where the assistant state’s attorney advised him each count was punishable by five years of incarceration, a $5,000 fine, or both.  The State further informed Berlin each count carried a two-year mandatory minimum sentence.  He was given a copy of the information stating the mandatory minimum sentence for each of the charges.

[¶3] At a hearing on October 6, 1997, Berlin pled guilty to aggravated assault under a joint recommendation in which the State dismissed the terrorizing charge.  After the court accepted Berlin’s plea, the assistant state’s attorney advised there was a two-year mandatory minimum sentence for the aggravated assault charge.  The same day, the district court entered its criminal judgment and commitment, sentencing Berlin to five years’ incarceration.

[¶4] On November 17, 1997, Berlin moved to withdraw his guilty plea, arguing he pled guilty under extreme duress and depression and claiming he was not informed of the eighty-five percent mandatory sentence under N.D.C.C. § 12.1-32-09.1.  The district court denied the motion on December 22, 1997, concluding Berlin’s plea was voluntarily made with full understanding of its consequences.

[¶5] Also on December 22, 1997, Berlin filed a document entitled, “Motion Demand for Speedy tryle [sic] or dismisal [sic] within 60 days & Request for counsel.  Respons [sic] to state reply.”  In this document, Berlin stated he was informed of the two-year mandatory minimum sentence, but was not informed of the four-year, two-month, and twenty-nine day “minimum mandatory in which he received.”

[¶6] On December 29, 1997, Berlin appealed the district court’s denial of his November 17, 1997, motion to this Court, arguing he should be allowed to withdraw his guilty plea.  
State v. Berlin
, 1999 ND App 1, ¶¶ 1, 5, 588 N.W.2d 866. Berlin argued his guilty plea was the result of extreme duress and depression.  
Id.
 at ¶ 7.  He also claimed he should be allowed to withdraw his guilty plea because the district court did not inform him of the eighty-five percent “minimum mandatory” sentence under N.D.C.C. § 12.1-32-09.1 and because the court did not comply with N.D.R.Crim.P. 11.  
Id.
 at ¶¶ 8, 10.

[¶7] On January 2, 1998, Berlin brought a motion for reduction of his sentence under N.D.R.Crim.P. 35, claiming he was not informed of the eighty-five percent mandatory minimum sentence.  The district court denied his motion.

[¶8] Berlin’s December 29, 1997, appeal was heard by the court of appeals, which affirmed the district court’s order on January 6, 1999.  
See
 
Berlin
, 1999 ND App 1, 588 N.W.2d 866.  The court of appeals held the district court’s failure to advise Berlin about N.D.C.C. § 12.1-32-09.1, requiring him to serve eighty-five percent of his sentence before eligible for parole, had no effect on the voluntariness of his plea.  
Id.
 at ¶ 8.  Because he asserted the alleged violation of N.D.R.Crim.P. 11 for the first time on appeal, the court of appeals declined to decide whether the district court substantially complied with N.D.R.Crim.P. 11.  
Id.
 at ¶ 10.

[¶9] On April 6, 1999, Berlin, acting 
pro
 
se
, filed a motion for post-conviction relief and demand for an evidentiary hearing.  One of the stated grounds for the motion was a violation of N.D.R.Crim.P. 11.

[¶10] On June 24, 1999, with the help of appointed counsel, Berlin filed another petition for post-conviction relief, seeking withdrawal of his guilty plea based on the assertion the district court did not follow the requirements of N.D.R.Crim.P. 11(b)(2) when accepting his guilty plea.  Berlin alleged “he was confused and thought that he would have to serve the two year minimum mandatory sentence and was not aware that the offense carried a maximum possible punishment of five years.”  He argued it was a manifest injustice for the district court not to have informed him of the maximum amount of time he could be sentenced to serve.

[¶11] The State responded by filing a motion to dismiss under N.D.C.C. § 29-32.1-

06, or for summary judgment, alleging the district court substantially complied with N.D.R.Crim.P. 11(b)(2).  The district court granted the State’s motion, and ordered the petition for post-conviction relief be summarily dismissed.

[¶12] Berlin timely appealed.  N.D.C.C. § 29-32.1-14; N.D.R.App.P. 4(b).  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 29-28-06 and 29-32.1-14.

 

II

[¶13] Berlin argues the district court erred in denying his petition for post-conviction relief seeking withdrawal of his guilty plea because he was not advised of the minimum punishment, as required by N.D.R.Crim.P. 11(b)(2).  Under N.D.R.Crim.P. 32(d)(1), a defendant may not withdraw an accepted guilty plea unless withdrawal is necessary to correct a manifest injustice.  
State v. Berlin
, 1999 ND App 1, ¶ 6, 588 N.W.2d 866.  A “manifest injustice” encompasses procedural errors by the sentencing court.  
State v. Gunwall
, 522 N.W.2d 183, 185 (N.D. 1994).

[¶14] The determination of a manifest injustice is ordinarily within the district court's discretion, and will be reversed on appeal only for an abuse of discretion.  
Berlin
, 1999 ND App 1, ¶ 6, 588 N.W.2d 866.  “A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.”  
Id.
 (citing 
State v. Shepherd
, 554 N.W.2d 821, 823 (N.D. 1996)).

A

[¶15] On appeal, Berlin specifically argues he should be allowed to withdraw his guilty plea because the district court did not comply with N.D.R.Crim.P. 11(b)(2) in “failing to advise him of the applicable minimum punishment” for the aggravated assault charge.

[¶16] In motions prior to the present petition for post-conviction relief, Berlin claimed he was not informed of the mandatory minimum sentence because he was not informed about the requirement of N.D.C.C. § 12.1-32-09.1, which states a defendant convicted of a violent crime and sentenced to imprisonment may not be released until eighty-five percent of the sentence has been served.  Berlin had argued he was not told he would have to serve eighty-five percent of his five-year sentence, which resulted in a mandatory incarceration period of approximately four years and three months.  This argument is not raised in this appeal, and further, was fully and finally determined in his previous appeal.  
State v. Berlin
, 1999 ND App 1, ¶ 8, 588 N.W.2d 866 (citing 
State v. Magnuson
, 1997 ND 228, ¶ 21, 571 N.W.2d 642) (holding failure to advise defendant about the statute requiring him to serve eighty-five percent of incarceration sentence has no effect on the voluntariness of the plea).

B

[¶17] In this appeal, Berlin’s argument involves N.D.R.Crim.P. 11(b)(2), which provides:

[t]he court may not accept a plea of guilty without first, by addressing the defendant personally . . . in open court, informing the defendant of and determining that the defendant understands the following . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

[¶18] On appeal, Berlin alleges N.D.R.Crim.P. 11(b)(2) was violated because the district court did not inform him of the mandatory minimum sentence of two years under N.D.C.C. § 12.1-32-02.1.  In his June 24, 1999, petition for post-conviction relief, he argued N.D.R.Crim.P. 11(b)(2) was violated because the district court did not inform him the aggravated assault offense carried a maximum possible punishment of five years.

[¶19] This case is similar to 
Morstad v. State
, in which the defendant argued a probation condition requiring him to admit guilt violated his constitutional rights.  518 N.W.2d 191, 192 (N.D. 1994).  In his petition for post-conviction relief, Morstad argued the condition violated the Fifth Amendment.  
Id.
 at 194.  On appeal, however, Morstad claimed the condition violated the Eighth Amendment.  
Id.
  Because Morstad waived the Fifth Amendment issue, and because he did not raise the Eighth Amendment argument at the district court level, we declined to decide either issue.  
Id.

[¶20] In Berlin’s present petition, he argued at the district court level that the court failed to comply with N.D.R.Crim.P. 11(b)(2) because it did not advise him of the maximum amount of time he could be sentenced to serve.  On appeal to this Court, however, Berlin argues the district court did not comply with N.D.R.Crim.P. 11(b)(2) because it did not inform him of the mandatory minimum sentence.  Arguments raised for the first time on appeal generally will not be considered by this Court.  
State v. Keller
, 550 N.W.2d 411, 412 (N.D. 1996) (citations omitted); 
Morstad
, 518 N.W.2d at 194.

[¶21] Moreover, in two separate
 
documents, Berlin admitted he knew about the two-year mandatory minimum sentence.  In his December 22, 1997, motion, Berlin stated he was informed of the two-year mandatory minimum sentence, but was not told of the four-year, two-month, and twenty-nine day “minimum mandatory in which he received.”  In his brief in support of his motion for post-conviction relief, Berlin stated he was “confused and thought that he would have to serve the two year minimum mandatory sentence and was not aware that the offense carried a maximum possible punishment of five years.”  As we stated in 
Clark v. State
, “we will not weaken the integrity of our criminal justice system by allowing manipulation, or other subterfuge, under the guise of a post-conviction application.”  1999 ND 78, ¶ 22, 593 N.W.2d 329.

[¶22] Berlin’s N.D.R.Crim.P. 11(b)(2) argument below, that the district court did not inform him of the “maximum possible punishment provided by the statute defining the offense to which the plea is offered,” is not raised on appeal.  Berlin’s statement of the issue in his brief to this Court was “[w]hether the trial court failed to comply with Rule 11 of the North Dakota Rules of Criminal Procedure by failing to personally advise petitioner of the minimum punishment provided by statute for which petitioner’s plea was being offered.”  Issues not briefed by an appellant are deemed abandoned and will not be considered on appeal.

 

III

[¶23] Because the issue raised here was not raised below, we affirm the order denying Berlin’s motion to withdraw his guilty plea.

[¶24] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.