2000 ND 206

**David BERLIN, Petitioner
and Appellant,**

v.

**STATE of North Dakota, Respondent
and Appellee.**

**No. 20000076.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Rehearing Denied Dec. 21, 2000.

David Berlin, pro se, Bismarck, ND. Submitted on brief.

Birch P. Burdick (appeared), State's Attorney, Fargo, ND. Argued by Justin J. Schwarz, third-year law student.

VANDE WALLE, Chief Justice.

[¶ 1] David C. Berlin appealed from the district court's dismissal of his third application for post-conviction relief. We affirm.

[¶ 2] Berlin was charged with aggravated assault and terrorizing on October 1, 1997. On October 2, 1997, Berlin was arraigned in district court. At the arraignment, the assistant state's attorney told Berlin these charges were each punishable by five years incarceration, a fine of $5000, or both, and the minimum mandatory period of incarceration was two years. Berlin was also given a written copy of the information stating the mandatory minimum sentence for each charge. On October 6, 1997, Berlin, represented by court-appointed counsel, waived his right to a preliminary hearing and pled guilty to aggravated assault. The plea was made on the basis of a joint recommendation for a straight five-year sentence for the aggravated assault charge and the State's dismissal of the terrorizing charge. After the prosecutor stated there was a mandatory minimum sentence of two years and a joint recommendation for a straight five-year sentence, the district court sentenced Berlin to five years of incarceration.

[¶ 3] On November 17, 1997, Berlin, acting pro se, moved to withdraw his guilty plea claiming he was under extreme depression and duress, "tortured into shock," and he was not informed of the eighty-five percent mandatory sentence under N.D.C.C. § 12.1–32–09.1. On December 22, 1997, the district court denied Berlin's motion finding his guilty plea was made voluntarily with a full understanding of its consequences. Also on December 22, 1997, Berlin filed a motion for a speedy trial or dismissal within sixty days and request for counsel, as a response to the State's reply to his earlier motion. In this motion Berlin stated he was informed of the two-year mandatory minimum but was not informed of the eighty-five percent mandatory sentence.

[¶ 4] Berlin appealed the district court's denial of his November 17, 1997, motion. With the assistance of court-appointed counsel, Berlin repeated his arguments and on appeal added the claim the court failed to substantially comply with N.D.R.Crim.P. 11. The Court of Appeals affirmed the district court's order on January 6, 1999, holding failure to advise Berlin of the collateral consequence of ineligibility for release until eighty-five percent of the sentence has been served does not affect the voluntariness of the plea. *State v. Berlin*, 1999 ND APP 1, ¶ 8, 588 N.W.2d 866. The Court of Appeals held claims of duress and torture lacked support and declined to decide the issue of whether or not the trial court failed to substantially comply with N.D.R.Crim.P. 11 because this was not argued below but rather raised for the first time on appeal. *Id.* at ¶ 10 (citing *Owens v. State*, 1998 ND 106, ¶ 50, 578 N.W.2d 542, stating it is well settled issues not raised in the trial court cannot be raised for the first time on appeal).

[¶ 5] On April 6, 1999, Berlin, acting pro se, filed a petition for post-conviction relief on the grounds of violation of N.D.R.Crim.P. 11. On June 24, 1999, Berlin, with the assistance of court-appointed counsel, filed another petition for post-conviction relief claiming a violation of N.D.R.Crim.P. 11, asserting he was confused and thought he would have to serve the two-year minimum mandatory sentence and was not aware the offense carried a maximum possible punishment of five years. On July 28, 1999, the district court summarily dismissed the petition finding substantial compliance with N.D.R.Crim.P. 11 and that the record established there was no genuine issue as to any material fact. Berlin appealed, with the assistance of another court-appointed counsel, arguing the district court erred because he was not advised of the minimum punishment as required by N.D.R.Crim.P. 11. This Court affirmed the denial of Berlin's post-conviction relief petition because the issue argued on appeal, of not being advised of the minimum punishment, was not raised below; rather, the

issue below was the claim Berlin was not advised of the maximum sentence. *Berlin v. State*, 2000 ND 13, ¶ 22, 604 N.W.2d 437. Additionally, we held Berlin had twice admitted he knew he would have to serve the two-year minimum sentence. *Id.* at ¶ 21. Further, this Court held the argument of not being advised of the maximum sentence was abandoned because it was not briefed by the appellant on appeal. *Id.* at ¶ 22.

[¶ 6] On February 1, 2000, Berlin filed his third post-conviction relief petition claiming ineffective assistance of counsel. Berlin claimed the attorney handling the appeal of his prior post-conviction relief application had failed to appeal properly because he did not raise the same issue raised at the trial court level. The district court dismissed Berlin's third post-conviction relief petition finding even if Berlin's counsel were ineffective, it would have not made a difference because his complaints regarding N.D.R.Crim.P. 11 were of no legal merit and under the elements set forth in *Silvesan v. State*, 1999 ND 62, 591 N.W.2d 131, raising a new claim in the second post-conviction relief petition that could have been raised in the first petition is a misuse of process.[1]

[¶ 7] The applicant carries the burden of establishing grounds for post-conviction relief. *Breding v. State*, 1998 ND 170, ¶ 4, 584 N.W.2d 493. The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court. *Falcon v. State*, 1997 ND 200, ¶ 21, 570 N.W.2d 719.

[¶ 8] The defendant must establish two elements in a claim of ineffective assistance of counsel. *Breding*, 1998 ND 170, ¶ 4, 584 N.W.2d 493. First, the defendant must prove the counsel's performance was deficient. Second, the defendant must prove the deficient performance prejudiced the defendant. *State v. Wilson*, 488 N.W.2d 618, 622 (N.D.1992) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The second element requires the defendant to prove that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Abdi v. State*, 2000 ND 64, ¶ 29, 608 N.W.2d 292 (quoting *Strickland*, at 694, 104 S.Ct. 2052).

[¶ 9] In review of the multiple proceedings brought by Berlin, Berlin's first motion included a claim he was not informed of the requirement to serve eighty-five percent of his sentence prior to eligibility for parole; however, Berlin did admit he was informed of the two-year mandatory minimum sentence. The district court summarily denied this first motion and on appeal the Court of Appeals affirmed, holding the requirement to serve eighty-five percent of the sentence was a collateral issue. The Court of Appeals declined to decide the broader issue of substantial compliance with N.D.R.Crim.P. 11 because Berlin made this assertion for the first time on appeal. In his April 6, 1999, and June 24, 1999, applications for post-conviction relief, Berlin asserted a violation of N.D.R.Crim.P. 11 claiming he was not informed of the mandatory maximum sentence. The trial court found substantial compliance with N.D.R.Crim.P. 11 and

---

1. The trial court stated the ineffective assistance of counsel issue could have been included in the first motion or in one of the other post-conviction relief actions, however, this was not possible because the ineffective assistance of counsel alleged by Berlin was the assistance he received from his appellate counsel in *Berlin v. State*, 2000 ND 13, 604 N.W.2d 437, his immediately previous appeal. Therefore, this current claim of ineffective counsel did not exist at the time of the first motion or prior petitions. However, this does

not change the disposition of this petition since the core issue of the alleged N.D.R.Crim.P. 11 violation did exist at the time of the first motion. This case is indicative of the peril of bringing numerous post-conviction actions, some with the assistance of counsel and others brought pro se. *See also Syvertson v. State*, 2000 ND 185, 618 N.W.2d 487. For the most part numerous proceedings do not benefit, and may harm, the cause of the applicant.

summarily dismissed the application. On appeal Berlin claimed he was not informed of the mandatory minimum sentence and this Court affirmed holding Berlin had abandoned his original argument of not being informed of the maximum sentence by not asserting it on appeal, and because his argument on appeal was not raised below, it was effectively waived. Additionally, this Court found Berlin had twice admitted knowledge of the mandatory minimum sentence. Now, on this third post-conviction relief petition, Berlin claims ineffective assistance of counsel on the appeal of the prior post-conviction relief petitions because that attorney mistakenly argued Berlin was not informed of the mandatory minimum sentence, instead of arguing Berlin was not informed of the maximum sentence as argued below.

[¶ 10] We will assume, without deciding, that for the purposes of this appeal the performance of Berlin's appellate attorney was deficient because he argued on appeal a different portion of N.D.R.Crim.P. 11 than asserted at the trial court level. This brings us to the second part of the *Strickland* test, the part requiring Berlin to prove that but for his counsel's error in arguing a different element of N.D.R.Crim.P. 11, the result of the appeal of the prior post-conviction applications would have been different. On Berlin's motion and subsequent applications for post-conviction relief, no new evidence was offered. Nothing asserted in the petitions was based on new evidence not available at the time of his original motion made in 1997.

[¶ 11] Section 29–32.1–12(2), N.D.C.C. authorizes denial of an application for post-conviction relief on the ground of misuse of process:

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

    a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

    b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

[¶ 12] Recently in *Silvesan v. State,* 1999 ND 62, ¶ 12, 591 N.W.2d 131, we held raising issues in a second post-conviction application which could have been raised in the first application was a misuse of process under N.D.C.C. § 29–32.1–12. Silvesan pled guilty to gross sexual imposition. *Id.* at ¶ 2. In his second application for post-conviction relief, Silvesan claimed, in addition to other claims, the trial court failed to comply with N.D.R.Crim.P. 11. *Id.* at ¶ 4. Silvesan had not included this N.D.R.Crim.P. 11 based claim in his first post-conviction relief petition and did not show any excuse for failing to raise it in his first application. *Id.* at ¶ 13. We concluded this inexcusable failure to raise the violation of N.D.R.Crim.P. 11 on his first post-conviction application was misuse of the post-conviction process. *Id.*

[¶ 13] In *State v. Johnson,* 1997 ND 235, ¶ 13, 571 N.W.2d 372, we held a defendant is not entitled to repetitious post-conviction relief when the contentions raised on appeal are simply variations of previous arguments. "Bringing successive motions on the same issue is a misuse of the post-conviction process ." *Id.* at ¶ 12. A defendant who "inexcusably failed to raise all his claims about the legality of his consecutive probationary sentences in a single post-conviction proceeding, ... has misused the post-conviction process" by raising issues in subsequent applications that could have been raised in an earlier proceeding. *Id.*

[¶ 14] In *Murchison v. State,* 1998 ND 96, ¶ 16, 578 N.W.2d 514, we held the defendant provided no reason why he was unable to raise the related issue of withheld information on direct appeal when he argued entrapment, therefore misuse of process applied because he could and should have raised it in his direct appeal.

[¶ 15] Similar to *Murchison, Johnson,* and *Silvesan,* none of the issues Berlin raised in his applications were issues, such as newly discovered evidence, which could not have been raised in his first motion. Because of this, he was not prejudiced by his appellate counsel arguing he was not informed of the mandatory minimum instead of the maximum sentence. Even if Berlin's counsel had consistently argued Berlin was not informed of the maximum sentence, as asserted below in the trial court, the application would still have been dismissed on the ground of misuse of process because Berlin had inexcusably failed to raise all of his claims about N.D.R.Crim.P. 11 in his first motion to withdraw his guilty plea. *Silvesan,* at ¶ 13.

[¶ 16] We will not diminish a criminal defendant's opportunity to have at least one substantive review of issues relating to the conviction; however, neither will we "weaken the integrity of our criminal justice system by allowing manipulation, or other subterfuge, under the guise of a post-conviction application." *Clark v. State,* 1999 ND 78, ¶ 22, 593 N.W.2d 329. Berlin misused the process when he raised an issue in the post-conviction applications that he inexcusably failed to raise in his initial motion. Therefore, his claim of ineffective assistance of counsel is without merit because it could not have prejudiced the result. Although we did not dispose of that appeal on the ground of misuse of process because it was not argued, the entire N.D.R.Crim.P. 11 argument should and could have been raised in the first motion, therefore, any subsequent applications on that basis constituted misuse of process.

[¶ 17] We affirm the order dismissing Berlin's third post-conviction relief application.

[¶ 18] SANDSTROM, NEUMANN, MARING, KAPSNER, JJ., concur.